**ROARK, Plaintiff, v. LYLE, Coroner, Defendant.**

Common Pleas Court, Hamilton County.

No. A-131621. Decided May 7, 1953.

178

J. W. Brown, Ben Gettler, Cincinnati, for plaintiff.

C. Watson Hover, Pros. Atty., Wm. J. Schmid, Asst. Pros. Atty., Cincinnati, for defendant.

## OPINION

By WOESTE, J.

This cause is before the court on a demurrer to the petition. The petition reads as follows:

"Now comes the plaintiff, and for her cause of action states that she is a resident of the city of Cincinnati, Hamilton county, Ohio. Plaintiff further states that she is the widow and surviving spouse of Howard W. Roark, deceased, a resident of Cincinnati, Hamilton county, Ohio, prior to his death. Plaintiff further states that the defendant, Herbert P. Lyle, is the duly elected and acting coroner of Hamilton county, Ohio, and was such during all of the time mentioned herein.

"Plaintiff further states that on or about October 18, 1951, said deceased spouse, Howard W. Roark, was employed as a window washer by the Cincinnati Window Cleaning Company, and in that capacity was engaged in the washing of windows of the Fountain Square Hotel in Cincinnati, Ohio   Said hotel

is located at 420 Vine street, Cincinnati, Ohio While engaged in the washing of one of said windows on the fourth floor of said hotel, the safety belt of the said Howard W. Roark did accidentally break and the said Howard W. Roark fell to the street below. This fall resulted in the almost immediate death of Howard W. Roark.

"Plaintiff further states that on or about the 18th day of October, 1951, and thereafter, the defendant coroner did decide and incorporate in the death certificate filed with the registrar of vital statistics that the cause of death of the deceased Howard W. Roark was 'suicide.'

"Plaintiff further states that defendant coroner's determination was erroneous and without justification, and that the deceased's death was caused solely by accidental means.

"Plaintiff further states that the defendant coroner's action has prejudiced her in that it has caused the denial of various claims of the plaintiff as beneficiary of the deceased's life insurance policies, as well as depriving plaintiff of the rights of a dependent under the Workmen's Compensation Act of Ohio.

"Plaintiff further states that under §2855-16 GC (§313.19 R. C.), the cause of death, the manner and mode in which the death occurred, as delivered by the coroner and incorporated in the coroner's verdict and incorporated in the death certificate filed with the registrar of vital statistics, shall be the legally accepted manner and mode in which the death occurred and the legally accepted cause of death, unless the Court of Common Pleas of the county in which the death occurred, after hearing, directs the coroner to change his decision as to the cause, mode and manner of death.

"Wherefore, plaintiff prays that this Court of Common Pleas of Hamilton County, after hearing, direct the coroner to change his decision as to the cause, mode and manner of death of the said Howard W. Roark to 'accidental death,' and change the death certificate filed with the registrar of vital statistics so that there is incorporated in said vital statistics the information that the cause of death of the deceased Howard W. Roark was 'accidental.' "

The court for the purpose of pronouncing the law of the case adopts the syllabi in **State ex rel. Susan Dana, plaintiff-appellant v. Samuel Gerber, Coroner, defendant-appellee,** reported in **79 Oh Ap 1, 34 O. O. 48,** which reads as follows:

"1. By its enactment of §2855-16 GC (§313.19 R. C.), the legislature has attempted to vest the coroner with judicial power in civil matters between private parties which is repugnant to **Section 1, Art. IV of the Ohio Constitution,** vesting full judicial power in the courts.

"2. By its enactment of §2855-16 GC (§313.19 R. C.), the legislature has attempted to authorize the coroner to make 'legally accepted' findings having the force of judicial decisions affecting civil rights in ex parte proceedings and is invalid because it fails to make adequate provisions for persons adversely affected thereby to be made parties or become parties for the purpose of asserting and protecting their rights.

"3. That part of §2855-16 GC (§313.19 R. C.), which provides that the finding of a coroner shall be the legally accepted cause of death unless the Common Pleas Court of the county in which the death occurred, after hearing directs the coroner to change his decision, attempts to vest the Common Pleas Court with jurisdiction to review the findings of the coroner but does not provide the method or means by which such jurisdiction shall be invoked or exercised, and does not provide some mode or method which will guarantee the parties their constitutional rights to have their day in court and is inoperative and void for uncertainty and indefiniteness.

"4. Sec. 2855-16 GC (§313.19 R. C.) as enacted is invalid and void because it deprives a party of fundamental rights and is violative of **Article 1, Sections 1 and 16 of the Bill of Rights of the Ohio Constitution; Article IV, Section 1 of the Ohio Constitution** and is contrary to the Due Process clause of the 14th Amendment of the Constitution of the United States."

With the adoption of this law and under the principle of stare decisis it follows that the demurrer herein should be sustained and an entry to that effect is authorized.